The opinion of the Court, at November Term last, was delivered by
Smith, C. J.
The question is whether the plaintiff is entitled to recover any thing, and, if any thing, how much, against the defendants.
The plaintiff seems to have suffered an injury by this act of the defendants. He has thereby become exposed to pay Chattle the amount of his debt, costs, and charges against Swett. It is a general principle of law that, for every injury, the law gives redress. Upon the general principles of law, therefore, the action seems to be maintainable. Peake, N. P. 194. Sometimes the injury is considered as too remote to be *265 the foundation of an action. Here it seems direct. In Tarleton et al v. McGawley, Peake, N. P. 205, it was determined that an action on the case lies, by the owners of a vessel, against the defendant, for purposely firing a cannon at negroes, and thereby preventing them from trading with the plaintiff.
Let us inquire whether there is any thing in this case which prevents a recovery, or which takes the case out of the general rul'e; and this will lead us to consider the objections made by the defendant’s counsel.
I. The defendants contend that the carrying of Swett to Exeter was no breach of the prison bond.
The condition was “ that he shall remain a true prisoner in the custody of the jailer, within the limits of the prison, until he shall be lawfully discharged.” N. H. Laws, ed. 1805,127.
If he is found out of the limits, it is an escape, unless brought out by habeas corpus or other lawful authority. If he had gone to Exeter to surrender himself in discharge of his bail, it would have been an escape. He could only have been lawfully discharged by the creditor, or by order of law. N. II. Laws, ed. 1805, 81. It is not necessary to determine, in this case, whether a forcible taking and carrying without the limits, by the enemies of the State, would save the forfeiture, as it would excuse the sheriff in case of commitment to close prison.
As it respects Chattle, the plaintiff stipulated against the voluntary or negligent acts of Swett, against any acts of bis which prevent his remaining a true prisoner, and against all acts of other persons, except Chattle himself. It would have been no justification to the sheriff that the debtor was forcibly taken, except by public enemies, from his custody. The bond is substituted in the place of the sheriff’s responsibility, and is equally broad and equally beneficial for the creditor. If such a taking would save forfeitures of prison bonds, there would be few forfeitures and few prisoners in the jail-yard. Creditors would have miserable security for their debts. There is not so much as a color of pretence for this objection.
II. It is contended that Swett has no remedy against the defendants for this act; and, if he has none, his surety has *266 none; and that the surety has no remedy except against his principal.
I am inclined to think that both the major and minor propositions in this syllogism are unfounded. Why has Swett no remedy ; supposing the carrying away to be against his will ? It must be because Daniel Warner was his bail, and the bail may take the principal wherever he can find him. The general doctrine is that the bail may take the principal at any time, and surrender him in discharge of his liability. Indeed, the principal is supposed to be. in the friendly custody of the bail. But this, like all other general rules, has its exceptions. Suppose the principal sick; suppose the government has him in custody, to be sent out of the country under the alien act or any other such act; suppose he is in custody of the law on a criminal charge or under sentence; suppose him in execution at the suit of a private person; in custody of an officer on arrest; in custody of other bail, who were going to surrender him. 6 T. R. 50, 246; 7 T. R. 517; 7 G. Bacon, 401. Will it be contended that bail could justify' breaking open the prison and rescuing principal from the custody of an officer ? 1 G. Bacon, 345; 7 T. R. 226. In most, if not all, of these cases the bail has remedy. His discharge (an exoneretur') may be entered on the record without producing the body in court. An instance of this kind occurred in this county, May Term, 1795, at Hopkinton; the sheriff agreeing that the debtor was in his custody in the jail at Amherst. The reason why an exoneretur is entered in the absence of the principal, or why a habeas corpus is necessary, is because the bail cannot lawfully take the principal. In this case, though the sheriff is not liable to any action for the escape of Swett because [he] has the liberty of the yard (Laws, 127), yet Swett is considered, all the time, as a prisoner in the custody, guard, and safe-keeping of the jailer, as much so as if his body were in close prison. The defendants had no more right to take Swett from the limits than from close jail. It is conceived that a habeas corpus is equally necessary to remove a prisoner from the rules or jail-yard as from close prison. Semble, 3 St. Tr. 108 ; 1 Law C. P. 42, 43. The bail has a right to take and surren *267 der the principal when they lawfully may take him ; but they cannot abuse his person; they cannot carry him out of the government; they cannot take him from the custody of the law, or subject another, who has the lawful custody of him, to damage. Steele has as much right, to say the least, to have Swett’s body remain at Amherst, as the defendants have to have it at Exeter. The bail cannot, in vindication of their rights, compel Swett to do an unlawful act, — to escape from prison. Cro. Eliz. 298. Suppose him in execution at the suit of a creditor for $10,000. If bail for $100 may take him from the limits, they may expose S. ultimately to a great loss, the payment of ten per cent on the $10,000.
It is not, then, true that Swett has no remedy, in any case, against the bail, for taking and surrendering him in discharge of themselves.
Let us examine the other proposition, — that Steele, the surety, has no remedy which the principal has not. The surety in a prison bond has an interest in the safe-keeping of the principal. Suppose the prison-keeper and the prisoner forge a discharge from the creditor, on which the prisoner goes at large. Would not the surety have remedy against the prison-keeper, and yet the principal would not ? It is said surety has no remedy except against the principal. It is true he has a remedy on contract against his principal, when compelled to pay the debt to the creditor. Perhaps he might even maintain an action for a tort merely for the voluntary act of leaving the limits, whereby he is exposed to eventual loss. With respect to a stranger who should subject the surety to the payment, or expose him to the same eventual loss, he can have no action on contract; but why not an action for the damage ? A man may have an action or remedy against one man for an injury done him, and against another man for causing that injury to be done. 1 G. Bacon, 50. Steele may recover, in contract or tort, damages against Swett, for the escape, and in tort, against the defendants, for causing the escape. When the prisoner is in close prison, as the sheriff is answerable to the creditor for an escape, he has his remedy against the prisoner, in case he rescue himself; i. e., in case he *268 escape. His action will be founded on contract. So, where the prisoner has the liberty of the j'ard on bonds, if he escape, the surety has his remedy on the implied contract. Cro. Eliz. 53, 137, 264, 293. Stat. 124 ; 2 Swift, 114. If the debtor be in close prison, and any person rescue him, or take him from thence, without authority of law, the sheriff has his action, against such person, for the wrong done him, exposing him to the creditor’s action. We have seen that the bond is in lieu of the sheriff’s responsibility. The sureties stand in the place of the sheriff; they become answerable to the creditors, and the sheriff ceases to be so. Why, then, should not the sureties have the same remedy against a rescuer, a person who wrongfully exposes them to the action of the creditor, as the sheriff would have in the like case ? They have the same interest in the safe-keeping, as the sheriff had, and the damage to them is the same. Bail and sureties^ have similar remedies. Suppose, while defendants were carrying Swett to Exeter to surrender him, a stranger had rescued him from their custody. Can it be doubted that they would have a remedy for this wrong ? What would they think of the doctrine that their only remedy was against Swett, and, if he were confederate with the rescuers, and consequently could not maintain any action against them, therefore the defendants could not ? It has been determined that the creditor, on rescue of his debtor on mesne process, may sue the • rescuers ; for he hath loss thereby. Cro. Jac. 419, 485. He cannot have an action against the sheriff, and it is reasonable he should have it against those who did the injury. Here Steele stands in the place of the creditor. This injury is done to him, for he has thereby become answerable to the creditor.
III. In case defendants are liable to Steele in any event, it is said they are not liable in this action, because, at the time it' was commenced, the debt was not paid to Chattle, and it may be that Swett himself will pay, or that Chattle may never sue, or, if he does, may not recover.
In the case of Gould et al. v. Green, in this Court, two years ago, 8 Manuscript Reports, 175 (7 G. Bacon, 205), it was decided that bail who had been sued, but who had not paid *269 the debt, could only recover nominal damages : a mere liability of bail or surety to be sued, for the default of the principal, gives no cause of action; actual suit gives remedy only for the damages actually sustained. But there the action was for breach of contract of indemnity. The damages must be the damages sustained, that is the damnification; but this is not an action, by the surety, against the principal, on contract, but against a stranger for a tort. It has been repeatedly decided that the sheriff may sue the prisoner escaping, before the sheriff has paid the money. This was decided in The Sheriffs of Norwich v. Bradshaw, Cro. Eliz. 53. It was an action upon the case for a tort (ul semble) (Cro. Eliz. 123, 124. The action was assumpsit). Per Curiam. “An action lieth, for the escape, by the sheriffs, before the party sue them ; for the party arrested did wrong to them by the escape and rescous, and they are always chargeable to the creditor; and, if they stay till they are sued, perhaps the party that escaped may die in the interim, or will fly the country, that they cannot hear of him. The party shall not take advantage of his own tort.” The same point was afterwards decided in Salterton & Affely v. Payne, Cro. Eliz. 237, 349; W. v. T., Cro. Car. 187; Com. Dig. Escape, E. 185.
The damage to the plaintiff is the liability incurred by plaintiff in consequence of defendants’ unlawful act. The plaintiff is entitled, for the reasons mentioned, to the same remedy the sheriff would have when the rescue is from his custody; and surely the same remedy lies against a stranger as against the prisoner. Indeed, in the latter case, the reasons for the action, and why it should lie immediately on the wrong done, are much stronger.
The damage to Steele is what any reasonable person, calculating on all the circumstances, would take to stand in his shoes.
The cause was continued, to ascertain the damage by jury.
The Chief Justice said that, though he had ' no doubts, yet, as Judge Livermore had, at last Term, and as he was not now present, he was willing to hear what could be urged for defendants at next Term.
*270 At the next Term (the present) the parties agreed that the debt due Chattle should be the damages, and submitted it to the Court to say whether interest should be cast at six or ten per cent.
Per Curiam.
Ten per cent might be given; but, under the circumstances of this case, let the interest be six per cent.